XUE YONG ZHENG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–0205–ag.

United States Court of Appeals, Second Circuit.

April 30, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Xue Yong Zheng, New York, NY, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Xue Yong Zheng,[2] a native and citizen of China, seeks review of a December 21,

2006 order of the BIA, affirming the July 6, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Yong Zheng*, No. A76 600 191 (B.I.A. Dec. 21, 2006), *aff'g* No. A76 600 191 (Immig. Ct. N.Y. City July 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

■ Here, we find that substantial evidence supports the agency's adverse credibility determination. In concluding Zheng was not credible, the IJ relied, in part, on his demeanor, finding Zheng hesitant and unreliable. Because the IJ was in the best position to discern the impression conveyed by Zheng, we afford his demeanor finding particular deference. *See Zhou Yun Zhang*, 386 F.3d at 73–74. Additionally, the IJ properly found crucial the discrepancy between Zheng's testimony that he was detained and forced to pay a fine of 10,000 yuan in 1987, and the fine receipt indicating that the 10,000 yuan fine was paid eleven years later, in 1998. Indeed, although minor discrepancies in dates may

**2.** Petitioner is sometimes referred to as Xiu   Yong Zheng.

be insufficient to support an adverse credibility finding, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), the eleven year discrepancy here is dramatic. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). Finally, Zheng has waived any challenge to the IJ's finding that he failed to submit sufficient corroborating evidence. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Ultimately, the IJ's demeanor, discrepancy, and lack of corroboration findings demonstrate that his credibility determination was supported by substantial evidence. *See Zhou Yun Zhang*, 386 F.3d at 73–74. Accordingly, the agency's denial of Zheng's application for asylum and withholding of removal was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Because Zheng has limited his assertion of error as to the agency's denial of CAT relief to "only a single conclusory sentence," we deem any such challenge waived. *See Yueqing Zhang*, 426 F.3d at 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).